CULPEPPER, Judge.
This is a wrongful death action. The plaintiff, Hazel Fontenot, is the mother of a minor son, Bardlis Cole, who was killed when the automobile in which he was riding ran off the highway at a sharp curve. Plaintiff alleges a legal cause of the accident was the negligence of the defendant, Allen Parish Police Jury, in constructing the road in such a way that the curve was too sharp and in failing to erect warning signs.
The defendant, Allen Parish Police Jury, filed a peremptory exception of no cause of action on the grounds that it is a political subdivision of the State of Louisiana and, as such, is immune from tort actions. The district judge sustained this exception, stating that Board of Commissioners of *96 Port of New Orleans v. Splendour Shipping and Enterprises Company, Inc., La., 273 So.2d 19 (1973) does not abolish government immunity as to police juries. Plaintiff appealed from this judgement.
In Splendour, our Supreme Court abolished the defense of sovereign immunity by all state boards and agencies. The Supreme Court stated: “We hold that the Board of Commissioners of the Port of New Orleans, and other such boards and agencies, are not immune from suit for tort." This is a board rejection of governmental immunity, sufficient to negate the assertion of the defense by any political subdivisions of the state, including police juries. See the comment, Governmental Immunity: The End of “Kings X”, 34 La.L.Rev. 69 and the concurring opinion in Pettis v. State Department of Hospitals, 281 So.2d 881 (La.App. 3rd Cir. 1973).
For the reasons assigned, the judgment appealed is reversed and set aside. The exception of no cause of action filed by the Allen Parish Police Jury on the grounds of governmental immunity is overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.